---

(64 App. Div. 552.)

## HILLIKER v. BART.

(Supreme Court, Appellate Division, Second Department. October 24, 1901.)

WILL—DEVISE TO SON—WORDS OF LIMITATION — CONSTRUCTION—ESTATE OF DEVISEE—PURCHASER FROM DEVISEE—SPECIFIC PERFORMANCE.

A testator, after directing payment of his debts, bequeathed to his wife an income of $10,000 for life, and on her decease the money to pass to his son, H., "to him and his lawful issue him surviving, forever." Certain household furniture was given to his wife, and the will then provided: "All the remainder of my estate, both real and personal, I devise and bequeath to my son, H., and his lawful issue him surviving, forever." The executors were given power to sell and convey the realty, if necessary, in the settlement of the estate. H. had no issue. *Held* that, as the word "issue" should be considered as one of limitation, and not of purchase, H. took title in fee to the realty, and the acceptance of a deed by a purchaser from him would be compelled in equity.

Submitted controversy between John H. Hilliker as plaintiff and Charles Bart as defendant. Judgment for plaintiff.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and SEWELL, JJ.

John H. Steenwerth, for plaintiff.

Fred. L. Gross, for defendant.

JENKS, J. This is a submitted controversy to obtain a construction of the fourth provision of the will of George Nostrand, de-

ceased. The testator first directed payment of his debts; second, he bequeathed to his wife, in lieu of dower, the use, income, and interest of $10,000 for life, and upon her decease the said sum to his son, Henry, to him and his lawful issue him surviving, forever; third, gave certain household furniture to his wife, and then provided: "(4) All the rest, residue, and remainder of my estate, both real and personal, I give, devise, and bequeath unto my son, Henry L. Nostrand, and his lawful issue him surviving, forever." He appointed his sister and his said son executors, and provided, in case it became necessary in the settlement of his estate for them to convey the whole or any portion, that they should have power to execute to the purchasers of the realty good and sufficient conveyances thereof. It does not appear that there ever had been, or that there now is, any issue of Henry L. Nostrand. The general sense of the word "issue" includes all descendants. It has the same practical effect as the words "heirs of the body." Chwatal v. Schreiner, 148 N. Y. 684, 43 N. E. 166; Drake v. Drake, 134 N. Y. 220, 32 N. E. 114, 17 L. R. A. 664; Soper v. Brown, 136 N. Y. 244, 247, 32 N. E. 768, 32 Am. St. Rep. 731; Kingsland v. Rapelye, 3 Edw. Ch. 1; Schouler, Wills, 554. When employed to describe a devise to a person and his issue, it is considered as a term of limitation, not of purchase. Drake v. Drake, supra. The term, however, has been said to be "ambiguous," so that, notwithstanding its prima facie meaning as a word of limitation, it may be construed as a word of purchase when such intent is to be gathered from the context or from the provisions of the will. Authorities supra. I find nothing in context nor in any part of the will in this case that would justify a departure from the prima facie meaning of these words. I think that they were used as an expression of limitation for the vesting of the fee in Henry L. Nostrand. While, of course, this use was not necessary, it is "quite common," with the purpose of greater definition, or for greater certainty, or by way of precaution. Thurber v. Chambers, 66 N. Y. 42; In re Allen, 151 N. Y. 243, 45 N. E. 554; Clark v. Cammann, 14 App. Div. 127, 43 N. Y. Supp. 575. We are therefore of opinion that Henry L. Nostrand took a fee simple absolute in the real estate devised by the fourth paragraph of the will, and that when the said Henry L. Nostrand tendered the deed of the premises herein to plaintiff, and when he delivered such deed to plaintiff, he was so seised, and had a good and valid title thereto.

It follows from the terms of the submission that the plaintiff must have judgment of performance against the defendant, without costs. All concur.