named as beneficiaries, to be equally divided between them. The court held that the sixteenth clause was not intended to abrogate or as a substitute for, or as a qualification of, the fifteenth clause, and that, if it was not wholly superfluous, its apparent office was to cover anything omitted by the language used in the fifteenth, clause.

A decree of distribution may be entered distributing the property of the testator as if same were personalty. If the result at which I have arrived is correct, then it follows that the contestant is not a necessary party to the proceeding, and she may have a finding to that effect, and have costs payable out of the estate. No part of the fund can be impounded to meet any claim made by her. The finding that the estate is personalty is wholly inconsistent with any claim that she may make as doweress. If, however, it is desired to review the determination of this court, a stay of distribution of George E. Faile's share may be had, so that the fund will not be beyond reach in case the Appellate Court arrives at a different result.

Decreed accordingly.

---

(51 Misc. 162; 119 App. Div. 104)

### In re FARMERS' LOAN & TRUST CO.

(Surrogate's Court, Suffolk County. June, 1906.)

1. WILLS—CONSTRUCTION—NATURE OF ESTATE.

Testator devised certain property to a trustee, the income to be paid to a person named for life, and the fund then to another, with the provision that, in the event of the latter's death without issue after the death of the life beneficiary, the fund should go to a third person. *Held*, that the first remainderman, on the death of the life beneficiary, took a vested remainder in fee, subject to be devested by his death without issue, when the fee would vest in the third person.

2. TRUSTS—TESTAMENTARY TRUST—DUTIES OF TRUSTEE.

Where, on the death of a life beneficiary in a trust fund, the first remainderman takes a vested remainder in fee, subject to be devested by his death without issue, the trustee should continue to hold the fund, unless the first remainderman elects to take it on giving security.

[Ed. Note.—For cases in point, see vol. 47, Cent. Dig. Trusts, § 405.]

In the matter of the settlement of the account of the Farmers' Loan & Trust Company, trustee under the will of Israel Corse. Decree rendered.

Turner, Rolston & Horan, for Farmers' Loan & Trust Company.
Pinney, Thayer & Van Slyke, for Israel Corse, Jr.
Philip H. Adee, for Katharine Corse Ingersoll.
Stimson & Williams, for Edwin Thorne.

BELFORD, S. The third clause of the will of Israel Corse, who died in the month of July, 1885, provides as follows: .

"I do give and bequeath to the Farmers' Loan & Trust Company of New York City, in trust nevertheless, ten first mortgage bonds of one thousand dollars each, and which are a lien on any division or branch road of the Chicago, Milwaukee & St. Paul Railway Company, bearing six per cent. interest, for the following named persons, uses, and purposes, viz.: To pay said interest

or income thereof to my niece Eliza L. Saunders of Flushing, Long Island, during the period of her life, and at her demise with respect to the principal of this fund and accrued interest thereon, if any, I do give and bequeath the same to my namesake, Israel Corse, Jr., the son of the late Frederick Corse, of Flushing, Long Island. In event of the death of said Israel Corse, Jr., without leaving issue after the demise of said Eliza L. Saunders, then I do give and bequeath this trust fund to my grandniece Katharine Corse Saunders."

Eliza L. Saunders, the life beneficiary, died on or about the 11th day of November, 1905, and the Farmers' Loan & Trust Company, the trustee named in the will, now prays for a judicial settlement of its account and for a construction of the clause of the will above recited. There is no dispute as to the facts in the case. The sole issue raised is as to the present disposition of the fund held by the trustee; the counsel for Israel Corse, Jr., contending that the words "in the event of the death of said Israel Corse, Jr.," refer to a death in the lifetime of the life beneficiary and that he, having survived Eliza L. Saunders, is now entitled to receive the principal of the trust, with accumulated interest thereon, free from any claim whatever on behalf of Katharine Corse Ingersoll; while counsel for Katharine Corse Ingersoll contend that the estate of Israel Corse, Jr., with respect to the principal of the trust is a conditional or defeasible fee, liable to be divested by his death hereafter without issue surviving him, and that Katharine Corse Ingersoll now has a contingent interest, or estate in expectancy, in the principal, which will ripen into an absolute estate in the event of the death of Israel Corse, Jr., without issue.

Had the language of the will been "in the event of the death of Israel Corse, Jr., without leaving issue," the case would present little or no difficulty; for, under these circumstances, the well-settled rule of construction that where there is a devise or bequest to one person in fee, followed by a gift over in the event of the death without issue of the first devisee or legatee, the death referred to will be presumed to be a death in the lifetime of the testator would apply. But this testator goes further. He adds to this provision the very significant words, "after the demise of Eliza L. Saunders," so that the entire provision is made to read:

"In event of the death of said Israel Corse, Jr., without leaving issue after the demise of Eliza L. Saunders, then I do give and bequeath this trust fund to my grandniece Katharine Corse Ingersoll."

It is quite apparent that testator intended to make some provision for Katharine Corse Ingersoll upon the happening of the death of Israel Corse, Jr., without issue. And the plain obvious language of the will fixes the time at which this contingency may arise as "after the demise of Eliza L. Saunders." No statutory rule of construction should be invoked when the language of the will itself is clear and unambiguous. It is far safer, in the construction of testamentary instruments, to give to words their plain, obvious, and universally accepted meaning, than to embark upon a sea of speculation as to the probable sense in which the testator used the words. I am unable to understand how by any refinement of construction "after" the demise of Eliza L. Saunders

can come to mean "before" her demise. And yet that is practically what I must hold, if the contention that Israel Corse, Jr., now takes an absolute estate in this fund is to prevail. The cases of Avery v. Everett, 110 N. Y. 317, 18 N. E. 148, 1 L. R. A. 264, 6 Am. St. Rep. 368, and Matter of Cramer, 170 N. Y. 271, 63 N. E. 279, seem to me to be controlling in this case. In the latter case Judge Bartlett, after referring to the well-established rule of construction that, "where there is a devise to one person in fee and in case of his death to another, the contingency referred to is the death of the first-named devisee during the lifetime of the testator, and that, if such devisee survives the testator, he takes an absolute fee," goes on to say:

"This rule is, however, subject to several important exceptions, one of which is that it has no application if the will contains language from which a contrary intention on the part of the testator can be ascertained."

Nothing could be clearer than the language in the case at bar. It certainly requires no strained effort of construction to interpret these words. He says a death without issue "after the demise of Eliza L. Saunders." Why not construe this that testator meant what he said? Why construe it to mean something which he did not say? I therefore decide that Israel Corse, Jr., took, upon the testator's death, a vested remainder in fee, limited upon the life estate of Eliza L. Saunders in the fund, subject, however, to be defeated by a condition subsequent, viz., the death of Israel Corse, Jr., without issue, at any time atfer the death of Eliza L. Saunders, in which event the substituted remainder given in that contingency to Katharine Corse Ingersoll will vest in possession.

The decree should direct that the Farmers' Loan & Trust Company continue to hold the fund and pay the income therefrom to Israel Corse, Jr.; or, if Israel Corse, Jr., elects to take the fund, he should be permitted to do so upon giving security in the shape of a bond, with sureties to be approved by the surrogate, conditioned for the payment of the fund to Katharine Corse Ingersoll upon his death without issue. I further decide that such interest as accrued between the last payment of interest to Eliza L. Saunders on July 1, 1905, and the date of her death November 11, 1905, is properly payable to Edwin Thorne, the executor of her will.

Decreed accordingly.