(56 Misc. Rep. 81.)

### BASSETT v. WELLS et al.

(Supreme Court, Special Term, New York County.  September, 1907.)

**1. WILLS—DEVISEES—ISSUE.**

Issue embraces lineal descendants of every generation, and must be so construed when used in a will, unless the testator by expression or necessary inference has shown an intent to use the word in a restricted sense.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 1087.]

**2. SAME—CONSTRUCTION—SURVIVORSHIP.**

Testator devised his property in trust to executors, to pay one-third of the income to his wife for life and the balance to his children for life in equal proportions, providing that, if any child should die without issue before the death of testator's wife, his share should revert to the estate and be distributed as thereinbefore provided, and that, in case of the death of said children leaving issue after the death of the wife, the proportion of the estate to which such child should be then entitled should be paid to the issue or next of kin of said deceased child.  In an action to construe the will, it was adjudged that the executor held the trust in several equal undivided shares for the purpose of paying over the income of the estate to the children of the testator during their lives, and that, the widow being then dead, on the death of any child, the trust must as to the share of such child terminate, and if such child left lawful issue his share vested in such issue in fee, but if it left no lawful issue it vested in fee in the next of kin of the testator.  The question as to who were the "issue" intended by the testator and the proportion which such issue were to take, should any child of the testator die leaving issue after the death of the testator's wife, was undetermined.  After the widow's death, a daughter of the testator died, leaving surviving a son and two grandchildren, children of a deceased daughter living at the time of testator's death and that of the widow.  *Held*, that the son and the grandchildren of the deceased daughter were entitled to share per capita in the distribution of the share of the deceased daughter in testator's estate.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 1147.]

**3. TRUSTS—INCOME.**

Where property was devised in trust, the income to be paid to the beneficiary, and at his death the principal was to be paid to his surviving issue, on such death the income so far as accrued was payable with the principal to the surviving issue of such beneficiary in equal proportions.

Action by Theodore S. Bassett, trustee of Harmon K. Wells, deceased, against Harmon K. Wells and others, for the settlement of an account and for the construction of the will.  Decree rendered.

Thos. J. Falls, for plaintiff.

Wm. H. Brearley, for defendant Theodore W. Bassett.

R. E. & A. J. Prime, for defendants Harmon S. Bassett, Karolyn W. Bassett, Henrietta Atwater, and Louise Atwater.

BISCHOFF, J.  The testator, Harmon K. Wells, devised and bequeathed all his estate, real and personal, remaining after some spe-

cial devises and bequests, to his executors and executrix, in trust, to pay the income thereof, one-third to his wife for life and two-thirds to his children for life and in equal proportions. His will then provided as follows:

"VIII. In case of the death of either of my children without issue before the decease of my wife, Caroline B., the share or portion of my estate and the income and interest thereof to which such child would at that time be entitled shall revert to my estate and be divided and distributed as hereinbefore provided.

"IX. In case of the death of either of my children leaving issue after the decease of my wife, Caroline B., the share or proportion of my estate and the income and interest thereof to which such child shall then be entitled shall be paid to such issue or to the next of kin of said deceased child."

In an action between the parties in interest and affecting the same will it was adjudged that the executors hold the estate of the testator "in trust, not in entirety, but in seven equal, separate, but undivided, shares, for the sake and purpose of receiving and paying over the income or interest of said estate" to the several beneficiaries thereof, the children of the testator, "each during his or her natural life, share and share alike," and "that (the said Caroline B., the widow of the testator, being now dead) upon the death of any of said seven children" of the testator "the said trust must cease as to the particular share which was held in benefit or trust for such child," and "that if such child so dying shall leave lawful issue that the said share so held in trust for such child becomes vested in and payable to such issue of such child in fee," but "if such child so dying shall not leave lawful issue, then and in such case the said share so held in trust for such child becomes vested in fee in the next of kin of the said testator, * * * share and share alike. The arrears of income, if any, go with and follow the shares that may become vested as in either case above provided." Wells v. Wells, 25 Hun, 647; Id., 88 N. Y. 323. It will be noted that the "issue" intended by the testator and the proportion in which such "issue" is to take should any child of the testator die leaving issue after the death of his widow, as provided in paragraph IX of the will, remained vexata quæstio. It has now happened that Caroline W. Bassett, one of the children of the testator and a beneficiary under his will, has died since the widow's death, leaving her surviving a son, the defendant Theodore W. Bassett, and two grandchildren, the defendants Harmon S. Bassett and Karolyn W. Bassett, children of a deceased son, Harmon S. Bassett, who was living at the time of the testator's death and that of his widow. Caroline W. Bassett's share of the testator's estate having become distributable by her death, the question has arisen: Who are the "issue" of Caroline W. Bassett intended by the testator, and in what proportion are the persons answering the description to share in the distribution of her share of the testator's estate?

In its primary legal sense " 'issue' is a word as extensive in its import as the phrase 'heirs of the body.' It embraces lineal descendants of every generation, and it is not satisfied by applying it to those at any given period, since it equally applies to all objects of that description at every period. It is nomen collectivum." Kingsland v. Rapelye,

3 Edw. Ch. 1. See, also, Adams v. Law, 17 How. (U. S.) 421, 15 L. Ed. 149; Palmer v. Horn, 84 N. Y. 516; Bodine v. Brown, 12 App. Div. 335, 42 N. Y. Supp. 202, affirmed 154 N. Y. 778, 49 N. E. 1093; Drake v. Drake, 134 N. Y. 220, 225, 32 N. E. 114, 17 L. R. A. 664; Soper v. Brown, 136 N. Y. 244, 250, 32 N. E. 768, 32 Am. St. Rep. 731; N. Y. Life Ins. & Trust Co. v. Viele, 161 N. Y. 11, 19, 20, 55 N. E. 311, 76 Am. St. Rep. 238; Chwatal v. Schreiner, 148 N. Y. 683, 43 N. E. 166; Bisson v. W. S. R. R. Co., 143 N. Y. 128, 38 N. E. 104; Phelps v. Cameron, 109 App. Div. 798, 96 N. Y. Supp. 1014; Price v. Sisson, 13 N. J. Eq. 168, 178; Weehawken Ferry Co. v. Sisson, 17 N. J. Eq. 475; 17 Am. & Eng. Ency. of Law (2d Ed.) 543, 545; Hilliker v. Bast, 64 App. Div. 552, 72 N. Y. Supp. 301; Emmet v. Emmet, 67 App. Div. 183, 73 N. Y. Supp. 614; Wilson v. Wilson, 76 App. Div. 232, 78 N. Y. Supp. 408; U. S. Trust Co. v. Tobias, 21 Abb. N. C. 392. It is an axiom of interpretation, however, that the intention of the testator must control (Central Trust Co. v. Egleston, 185 N. Y. 23, 77 N. E. 989), and if, therefore, from extrinsic circumstances admissible for consideration, from expressions in the will itself, or from fair and necessary inference from such expressions, the testator has manifested an intention of using a word or words in a limited or restricted sense, that sense is to prevail (cases above cited); but "where the language is clear and explicit there is no call for construction" (Calderon v. Atlas S. S. Co., 170 U. S. 280, 18 Sup. Ct. 588, 42 L. Ed. 1033). "Words are common signs that mankind make use of to declare their intention to one another; and when the words of a man express his meaning plainly, distinctly, and perfectly, we have no occasion to have recourse to any other means of interpretation." Lake County v. Rollins, 130 U. S. 671, 9 Sup. Ct. 651, 32 L. Ed. 1060. "It would be dangerous in the extreme to infer from extrinsic circumstances that a case for which the words of an instrument expressly provide shall be exempted from its operation." Sturges v. Crowninshield, 4 Wheat. 202, 4 L. Ed. 529. "Quoties in verbis nulla est ambiguitas, ibi nulla expositio contra verba fienda est." Broom's Leg. Max. (8th Am. Ed.) 618. The court is to construe a will, but may not construct one. Central Trust Co. v. Egleston, 185 N. Y. 23, 77 N. E. 989.

I am unable, after a careful scrutiny and study of its language, to discover in the will before me, either by direct expression or by permissible inference, anything which indicates that the testator used the word "issue" in any but its primary legal sense; that is to say, as including all the lineal descendants of his child of whatever degree of descent. Upon the authorities hereinbefore referred to, therefore, I must assume that he intended to include all. My attention is directed to paragraph VIII of the will, by the provisions of which the testator has directed the share of a child dying without issue to revert to his estate for equal distribution among his next of kin, as indicating an intention to limit the distribution of his estate to his nearest descendants, or at any rate to prefer such of his descendants who are nearest in degree over others of remoter degree; but this is neither a fair nor a logical deduction. The proposition stated in other words is that, be-

cause the testator has provided for his descendants of the first degree in one way and for his remoter descendants in another, therefore he intended to provide for those of the second degree to the exclusion of or preferentially over his descendants of the third degree. Clearly this involves a non sequitur. With as much, or rather with as little, logic the proposition might be alternated, and the contention made that, because the testator has provided for his remoter descendants less favorably than for those of the nearest degree, therefore he intended to provide for his nearest descendants no more favorably than he did for the remoter ones. An assemblage of words conveys the author's meaning, and unless the language used is in conflict with itself, which in the will before me it is not, it does not involve an inference to say that the author did not mean what his words convey, and the contention is pure conjecture. Inference is the reasonable deduction from precedent facts; conjecture a mere supposition unsupported by any process of reasoning. A. has given B. and C. each a gray mare and D. a roan. Would it follow that he intended to give each either a gray mare or each a roan? The facts so far may serve for the major premises of a syllogism, but without more an inference is impossible. In other words, there is no predicate for a conclusion. It is not unlikely that the testator, when providing for the distribution of a deceased child's share to the "issue" of such child, actually intended to limit the distribution to and among the first descendants of his child, or that the descendants of the deceased child should share per stirpes and not per capita; but, if so, it is unfortunate that he did not so express himself. The words of Lord Eldon, "According to the words of the will it is absurd to suppose that the testator could have had such an intention as the rules of law compel us to ascribe to his will," and of Lord Redesdale, "If the testator had considered the effect of the words he used and the rule of law operating upon them, he probably would have used none of the words of the will" (quoted in Kingsland v. Rapelye, supra), may not be inapposite here. "Issue" or "heirs," as well as "next of kin," indicates a class of persons, and a devise or bequest to a class, there being nothing to the contrary, implies a gift to the persons comprising that class, equally—that is to say, per capita, and not per stirpes (2 Jarman, Wills, 33; Bisson v. W. S. R. R. Co., 143 N. Y. 128, 38 N. E. 104; Matter of Baer, 147 N. Y. 348, 353, 41 N. E. 702; Soper v. Brown, 136 N. Y. 244, 250, 32 N. E. 768, 32 Am. St. Rep. 731; Phelps v. Cameron, 109 App. Div. 798, 96 N. Y. Supp. 1014; Price v. Sisson, 13 N. J. Eq. 168, 178; Weehawken Ferry Co. v. Sisson, 17 Id. 475); and in the case of a deferred gift, as in the case at bar, it will be applied in favor of all persons who at any time after the testator's death and before the period of distribution correspond with the class described (Wigram, Wills, c. 23, § 1; Bisson v. W. S. R. R. Co., supra; Matter of Baer, supra).

This rule harmonizes with the language of the will. The allusion in paragraph IX is to the "issue" surviving the testator's child, and the distribution is to be to "such issue." The words "next of kin" were obviously used by the testator as synonymous with "issue." The particular paragraph applies only to the death of a child "leaving is-

sue," in which case the "issue" and the "next of kin" of the deceased would comprehend only the same individuals. The adjudication in the former action hereinbefore referred to is conclusive in this respect. My conclusion is, of course, apparent from what has been hereinbefore said, and it is that the defendants Theodore W. Bassett, the son, and Harmon S. Bassett and Karolyn W. Bassett, the grandchildren, of Caroline W. Bassett, deceased, are entitled to equal distribution of the latter's share of the testator's estate; that is to say, they are to share per capita, and not per stirpes. Another child of the testator and beneficiary under his will, the defendant Josie W. Atwater, has one son, the defendant Fred. Atwater, and he has two children, the defendants Henrietta and Louise Atwater. What has been said above respecting the "issue" of Caroline W. Bassett applies equally to the share of Josie W. Atwater, and if she dies, leaving the defendants Fred. Atwater, Henrietta Atwater, and Louise Atwater her surviving, they—that is to say, the three last-named defendants—will be entitled to her share in equal proportions, one-third to each. The income of any trust share, so far as such income may have accrued at the time of the beneficiary's death, is payable with the principal to the "issue" of such beneficiary and in the same proportion.

The language of paragraph IX of the will can mean nothing else. It is there provided that upon the death of any beneficiary his or her "share * * * of my estate and the income and interest thereof to which such" beneficiary "shall then be entitled shall be paid to" the surviving "issue" of such deceased beneficiary. This comprehends all income which upon the happening of the event alluded to, the death of the beneficiary, should then remain unpaid, whether accrued and payable or only partially accrued and not yet due; and I find nothing in the will, nor am I referred to anything, from which the testator's intention to dispose of the income otherwise appears. In Matter of Farmers' Loan & Trust Co., 51 Misc. Rep. 162, 100 N. Y. Supp. 862, it was held that the income was to be apportioned as of the date of the cestuis que trustent's death, and that so far as it had then accrued it was payable to his personal representatives. In that case, however, the testator had made no disposition of the income, and the apportionment directed was in the ordinary course of such cases. Here, however, the testator did undertake to dispose of the income remaining unpaid to the beneficiary at the latter's death, and it is to be assumed that the testator meant to deviate from what would have been the course with regard to the income in the absence of a direction from him. Any other interpretation of his will would deprive his direction of all effect. The former adjudication upon the same will seems also conclusive upon this point.

Submit proposed decision and interlocutory judgment directing the plaintiff's accounting in accordance with the conclusions stated, with notice of settlement.

Judgment accordingly.