Matter of the Application for Letters of Administration on the Goods, Chattels and Credits of SIMON DRESSEL, Deceased.

(Surrogate's Court, Bronx County, February, 1918.)

Executors and administrators — to whom letters of administration should issue — wills.

In proceedings on an application for letters of administration, it appeared that the decedent left a will which was filed in court, but the executor named failed to proceed with its probate and claimed a right to appointment as administrator prior to the petitioner.

*Held,* that as no one would proceed with its probate, and as it is necessary that there should be a personal representative of the decedent, letters of administration should issue to the respondent provided he qualify within the period named; otherwise to the petitioner.

PROCEEDINGS to obtain letters of administration.

Misc.]   Surrogate's Court, Bronx County, February, 1918.

L. E. Schlechter, for petitioner.

Frederick W. Hottenroth, for respondent.

SCHULZ, S.  In a proceeding brought to obtain letters of administration upon the estate of the decedent the respondent has caused a document to be filed which purports to be a will of the decedent and in which he is named as executor.

Although the document is distinctly favorable to the respondent, and several adjournments were permitted to enable him to proceed with its probate if so disposed, he has failed to do so.  The provisions of the paper are not advantageous to the petitioner, and she certainly cannot be compelled to petition for its probate simply to enable her to urge objections to it.  *Matter of Carter,* 74 Misc. Rep. 1.  The instrument, however, does not prove itself.  It can only be established as a will in a proceeding for that purpose and on competent proof of its due execution.  *Matter of Cameron,* 47 App. Div. 120; affd., 166 N. Y. 610.

As no one will proceed with its probate, and as it is necessary that there should be a personal representative of the decedent, letters of administration will issue.

The respondent claims that these letters should issue to him under section 2588 of the Code of Civil Procedure.  Being a son, he has a prior right to that of the petitioning granddaughter, unless the fact that he does not proceed with the probate bars him.  I find no authority to that effect, and *Matter of Cameron, supra,* is to the contrary.  I am, therefore, constrained to allow his claim.

Letters of administration will be issued to the respondent, provided he qualifies within five days after

Surrogate's Court, Kings County, February, 1918.    [Vol. 102.

the service of a copy of the order entered hereon, and, in the event of his failure so to do, letters will issue to the petitioner.

Decreed accordingly.