In the Matter of the Application for Letters of Administration of the Goods, Chattels and Credits of ANTHONY VICTOR BILLET, Deceased.

CHARLOTTE V. BILLET, Petitioner, Appellant; FRANCES BILLET, Respondent.

Second Department, April 5, 1919.

Executors and administrators — when petition by widow for letters of administration should not be denied by surrogate on his own motion — effect of prior filing by petitioner of paper purporting to be will of decedent — rule that wills may not be destroyed by life tenants and remaindermen only applies to valid wills duly proven — trust — vested remainder — when " heirs " are not purchasers.

Where a petition by a widow for letters of administration upon the estate of her husband alleges, among other things, that she has made diligent search and inquiry for a will of said decedent and has found none, but that a certain paper writing discovered by her and filed in the Surrogate's Court is not, as she is informed and believes, a valid will, and it appears that said paper after providing for specific legacies directs all decedent's stocks and bonds to be converted into cash and invested, and the income paid to the petitioner for life with remainder to the decedent's sister " or her heirs; " that said paper was not duly executed; that all parties in interest are before the court, and that the sister consents to the issuance of letters to the petitioner who declines to ask for probate, an order of the surrogate denying the petition for letters on his own motion should be reversed and the petition granted.

Second Department, April, 1919.　　　　[Vol. 187.

A paper writing purporting to be the last will and testament of a decedent which is simply filed in the surrogate's office does not thereby *ipso facto* become a valid will, but can only be established as such in a proper proceeding initiated for that purpose.

The rule that wills of testators may not be destroyed by life tenants and remaindermen only apples to valid wills proven as such in the manner prescribed by statute.

The awarding of letters of administration under the circumstances aforesaid will not destroy a trust or invalidate the rights of those who will ultimately take as heirs of the sister.

The bequest of the remainder to the sister " or her heirs " was a vested interest and the word " heirs " was used as a word of limitation and not of purchase.

" Heirs " are not purchasers except when they are the heirs of the life tenant.

Appeal by the petitioner, Charlotte V. Billet, from an order of the Surrogate's Court of the county of Westchester, entered in the office of said Surrogate's Court on the 5th day of February, 1919, denying her application for letters of administration herein.

*Walter H. Young*, for the appellant.

*William E. McReynolds* [*Frederick C. Hunter* with him on the brief], for the respondent.

Rich, J.:

The surrogate of Westchester county has denied the petition of decedent's widow for letters of administration upon his estate, " on the grounds that a certain paper writing filed in this court on November 27th, 1918, and alleged in said petition, upon information and belief not to be a valid will of said Anthony Victor Billet, deceased, although purporting so to be, exists."

Decedent died a resident of Westchester county, at New Orleans, La., on November 5, 1918, leaving personal property to the amount of $42,266.31. On November 27, 1918, a petition for letters of administration was filed in the Surrogate's Court, Westchester county, by decedent's widow, alleging, among other things, that petitioner had made diligent search and inquiry for a will of said decedent and had found none; but that a certain paper writing discovered by petitioner

and filed in this court November 27, 1918, was not, as she was informed and believed, a *valid* will of said decedent, although purporting to be such. The only next of kin are a sister, Frances Billet, respondent herein, and Allie Ressel, a half niece, both of whom were of full age and sound mind.

A citation was thereupon issued and served upon the parties interested. Frances Billet, the sister, appeared and filed an answer.

Petitioner also filed her affidavit giving in form of question and answer an interview had with each of the witnesses to the alleged paper writing, which provides for a legacy of $250 to St. Patrick's Church of Galveston; $500 to respondent; to appellant all household and personal effects, insurance and cash in the bank, and directs all decedent's stocks and bonds to be converted into cash and invested as therein stated, the income to be paid to appellant for life, and upon her death the principal to respondent, Frances Billet, " *or her heirs.*" Appellant and respondent are the executors therein nominated. It contains no attestation clause, and at the foot thereof is what purports to be a codicil, merely signed by the testator.

The two witnesses affirm that decedent did not sign the paper writing in their presence, or declare it to be his will, or say or do anything from which they obtained the impression that the paper was a will, and that they did not sign it in each other's presence. The will is a holograph.

The widow declines to petition for its probate; all parties in interest were before the court; respondent consented to the issuance of letters to appellant, and does not oppose this appeal, but the surrogate on his own motion has denied the petition for letters.

A paper writing purporting to be a last will and testament of a decedent, which is simply filed in the surrogate's office, does not thereby, *ipso facto*, become a *valid* will, but can only be established as such in a proper proceeding initiated for that purpose. (*Matter of Cameron*, 47 App. Div. 120; affd., 166 N. Y. 610; *Matter of Carter*, 74 Misc. Rep. 1; *Matter of Dressel*, 102 id. 648, 649.) There was, therefore, no *valid* will before the surrogate at the time of this application.

It is all very well to say that wills of testators may not be destroyed by life tenants and remaindermen (*Metcalfe* v.

*Union Trust Company,* 181 N. Y. 39), but we must not be unmindful of the fact that this rule only applies to *valid* wills, proven as such in the manner prescribed by statute. That is not the instant case (*Matter of Cameron,* and cases cited *supra*), for there was no will before the learned surrogate as to which a decree awarding letters of administration would destroy a trust. Neither would the issuance of letters of administration here void the rights of those who will ultimately take as heirs of the sister. The bequest of the remainder to the sister " or her heirs " was a vested interest, and the word " heirs " was used as a word of limitation, and not of purchase. (*Hilliker* v. *Bast,* 64 App. Div. 552, 553; *Drake* v. *Drake,* 134 N. Y. 220, 225.) " Heirs " are not purchasers, except when they are the heirs of the life tenant. (*Webb* v. *Sweet,* 187 N. Y. 172; *Drake* v. *Drake, supra.*) Under the circumstances, the learned surrogate should have issued letters of administration to the petitioner.

The order is, therefore, reversed, with ten dollars costs and disbursements payable out of the estate.

JENKS, P. J., MILLS, BLACKMAR and JAYCOX, JJ., concurred.

Order of the Surrogate's Court of Westchester county reversed, with ten dollars costs and disbursements payable out of the estate, and proceeding remitted to said court with directions to proceed in accordance with opinion.