Misc. 459]    Surrogate's Court, New York County, August, 1925.

who has violated his duty to the bailor. The complaint does not sound in tort, but falls within the rule declared in *Barber* v. *Ellingwood, No. 2* (137 App. Div. 704, 712, 713), and is to be regarded as in contract for money had and received. Motion to vacate the attachment is denied.

---

In the Matter of the Estate of HARMON K. WELLS, Deceased.

Surrogate's Court, New York County, August 14, 1925.

Wills — construction — testator directed that upon death of children " leaving issue," share of estate to which children " shall then be entitled shall be paid to such issue or to the next of kin of such deceased child "— distribution of estate should be made per stirpes — dictum in prior case construing same will is not res judicata.

A will by which the testator directed that in the event of the death of either of his children " leaving issue " after the death of his wife the share or proportion of the estate to which such child " shall then be entitled shall be paid to such issue or to the next of kin of such deceased child " must be construed, upon the death of a son leaving one child and three grandchildren, as evidencing an intention on the part of the testator to effect a distribution of his estate to his issue *per stirpes* rather than *per capita*.

A dictum in a prior case construing the same will is not *res judicata*, since the question presented here was not before the court in that case, and was not litigated therein.

PROCEEDING for an accounting involving the construction of a will.

O'BRIEN, S. In this accounting proceeding the court is asked to construe paragraph " ninth " of the testator's will. That paragraph reads as follows:

" *Ninth.* In case of the death of either of my children leaving issue, after the decease of my wife Caroline B. the share or proportion of my estate and the income and interest thereof to which such child shall then be entitled shall be paid to such issue or to the next of kin of such deceased child."

Harmon K. Wells, a son of the testator, has died leaving him surviving one child, Ethel W. Robbins, and three grandchildren, Ethel M., Harmon D. and Edna L. Robbins, all children of the said Ethel W. Robbins, and the court is asked to determine whether distribution to these four issue shall be *per stirpes* or *per capita*. Upon constructions previously had in this estate, the Supreme Court has held (*inter alia*) that when a child of the testator died leaving issue, the share held in trust for such child became vested in and payable to such issue of such child in fee (*Wells* v. *Wells*, 25 Hun, 647; affd., 88 N. Y. 323), and, further, that the testator's meaning of the words " such issue " embraced and included all

the lineal descendants of such child of every generation, and that distribution to such issue should be *per capita* and not *per stirpes.* (*Bassett* v. *Wells,* 56 Misc. 81, 86.) The question before the court in the latter construction proceeding was whether, upon the death of testator's child, who is survived by a child and by the children of a deceased child, all being next of kin, divisions should be made *per capita* or *per stirpes.* The question presented in the application differs essentially from that passed upon in the last case above cited, for here testator's child is survived by a daughter and three children of that daughter, all of whom are issue, the daughter alone being next of kin, whereas, as we have indicated already, in the last cited case all the issue were next of kin. Those who in this application contend for a *per capita* distribution urge both as authority and as *res adjudicata* the decision made by Mr. Justice BISCHOFF in said case (56 Misc. 81, 86), where, in his opinion, he held: " The allusion in paragraph IX is to the ' issue ' surviving the testator's child, and the distribution is to be to ' such issue.' The words ' next of kin ' were obviously used by the testator as synonymous with ' issue.' The particular paragraph applies only to the death of a child ' leaving issue,' in which case the ' issue ' and the ' next of kin ' of the deceased would comprehend only the same individuals. The adjudication in the former action hereinbefore referred to is conclusive in this respect. My conclusion is, of course, apparent from what has been hereinbefore said, and it is that the defendants Theodore W. Bassett, the son, and Harmon S. Bassett and Karolyn W. Bassett, the grandchildren of Caroline W. Bassett, deceased, are entitled to equal distribution of the latter's share of the testator's estate, that is to say, they are to share *per capita* and not *per stirpes.*"

Having decided the particular question before him, viz., the manner of distribution among the issue of Caroline W. Bassett, the learned justice proceeded to apply this conclusion to a situation not before him for decision, and to anticipate the distribution to be made of the share of Jessie W. Atwater (another of testator's children) should she die leaving her surviving a son, Fred Atwater, and Henrietta and Louise Atwater (two children of. said son). He held that said share should be divided among these three persons in equal proportions, thus passing upon a question not presented and not argued, and disregarding the different facts obtaining with these two groups in testator's family.

The advocates for *per capita* distribution upon this application urge the dictum of the learned justice in reference to the Atwater group *res adjudicata* on this application, on the ground that here, as in the Atwater instance, there are a child and three children of

that child concerned, while in the other instance there were a child and two children of that child, and thus in both instances a situation where all persons were " issue " and only one person " next of kin." With this contention the court cannot agree. The question presented here was not before the court in the case cited, and was not litigated therein; therefore, the decision in said case is not *res adjudicata.* (*Rudd* v. *Cornell,* 171 N. Y. 114; *Lord & Taylor* v. *Yale & Towne Mfg. Co.,* 230 id. 132; *Assets Realization Co.* v. *Roth,* 201 App. Div. 811, 814.)

By the phrase " to such issue or to the next of kin of said deceased child," the testator clearly provided that, in the situation now before the court, the distribution to the issue should be *per stirpes.* No other construction can be determined without eliminating the words " next of kin," which, in this case, cannot be held to be synonymous with " issue." If, in spite of the difference in their definition, it were urged that the testator used those words with the same meaning, then the " issue " entitled to take must be limited to the daughter, who is the sole " next of kin," and, therefore, the only individual comprehended within both terms.

I hold, therefore, that the fund held in trust for the benefit of Harmon K. Wells, together with the income accrued thereon, should now be paid over to his daughter, Ethel W. Robbins. Submit decree on notice construing the will and settling the account accordingly.