In the Matter of the Estate of JOHN EDWARD GARLAND, Deceased.

Surrogate's Court, Monroe County, February 19, 1937.

*A. V. D. Chamberlain,* for the petitioner.

*Franklin H. Smith,* for the respondent.

*Thos. L. Toan,* special guardian.

FEELY, S. This decedent made a last will on January 21, 1910, leaving all his property to his brother, George W. Garland, and naming Arthur M. Newborn as executor. The only other provision in the will, aside from the direction to pay debts, etc., was a clause revoking former wills. George W. Garland died before the decedent, and left no children, wife nor parents. Two sisters survived, Mary G. Niles, who is the petitioner herein, and Sarah Garland, an incompetent.

A will purporting to have been made April 23, 1932, by this decedent was contested before a jury, and it was established that the decedent had never developed beyond the mentality of a child of seven years, and was incapable of making a will. Thereafter another will of this decedent, bearing date August 4, 1930, met a similar fate.

Thereupon one of the sisters filed a petition for letters of administration with the additional allegation of the facts herein summarized, and particularly that said will of 1910 was invalid for the reason the deceased was incompetent as aforesaid. Upon the return of the citation, which ran to the person named as executor, Arthur M. Newborn, his counsel appeared specially, and on February 16, 1937, filed objections to the jurisdiction of this court in the premises. The theory underlying all of the points of objection but one is a theory that is counter to the common practice of Surrogates' Courts that is designed to make a matter of public record an adjudication that a will is invalid by annexing the will to a petition for letters of administration containing allegations of the invalidity of the purported will; and upon the return of a citation, running not only to the usual parties in intestacy but also to all persons or bodies mentioned in the alleged will, to decree the invalidity thereof, and to issue letters of administration. This practice has been widespread and seldom questioned; and it has been discussed in the

reported cases.  In 1919 it was held that where a decedent's purported will was merely filed in the surrogate's office, but not formally probated, his widow's application to the surrogate for letters of administration alleging that the paper on file as a will was not a valid will — as to which the next of kin raised no issue — should have been granted.  (*Matter of Billet*, 187 App. Div. 309, revg. 106 Misc. 229.)  It has also been held that even where there was a valid will, which by reason of the differences between the statute law of this and other States, could not be probated here, the surrogate was justified in granting letters of administration.  (*Matter of Cameron*, [1900] 47 App. Div. 120; affd., 166 N. Y. 610.)  The fact that the revision of 1914 remedied that defect in our probate law does not detract any from the effectiveness of the *Cameron* ruling as an illustration of the principle applied in the *Billet* case in 1919.

The last or sixth point of objection is that the petitioner is estopped from claiming the 1910 will is invalid.  In regard to this point, there is nothing now before this court that in any way tends to sustain this point either from the legal viewpoint or from the factual one.

My conclusion is that this court has jurisdiction of this proceeding; and that the nominated executor is a necessary party as such; and that the special appearance should be overruled on the merits; and that the case be placed on the adjourned calendar of February 23, 1937, at which time a date for hearing the testimony and receiving evidence will be set; and that any answer by the respondent Arthur M. Newborn must be filed by that time above mentioned.

Enter an order in accord with this decision.