In the Matter of the Estate of SAMUEL FRIEDMAN, Deceased.

Surrogate's Court, Bronx County, September 30, 1937.

*Louis Scadron*, for the petitioner.

*Meyer Halpern*, for the respondent.

HENDERSON, S. The decedent's widow has petitioned for letters of administration, and has also filed a paper purporting to be the decedent's last will in which she is named as executrix. She alleges

on information and belief that it is not his valid will. All the persons named in such paper, except the petitioner, have been duly cited in this proceeding. No respondent has appeared or pleaded herein, except the executor named in said paper. He is not named as a beneficiary therein and is not a distributee of the decedent. He has duly appeared herein by attorney, but has not filed any answer or objection to the petition. He has been afforded an opportunity to apply for the probate of the filed paper, but has failed to do so.

Letters of administration may not be granted where there is a will (Surr. Ct. Act, § 119, subd. 1). The statute refers to a *valid* will. The existence, or the filing in the Surrogate's Court, of a paper purporting to be a will does not import validity to the paper. It becomes a valid will only after it has been duly admitted to probate. (Surr. Ct. Act, § 314, subd. 1; *Matter of Billet*, 187 App. Div. 309, 311; *Matter of Cameron*, 47 id. 120, 123; affd., 166 N. Y. 610; *Matter of Dressel*, 102 Misc. 648; *Matter of Carter*, 74 id. 1.) The presumption in favor of intestacy continues until overcome by evidence. (*Matter of Cameron, supra.*) In the absence of any evidence of testacy, the application for administration must be granted.

Settle decree awarding letters of administration to the petitioner upon her filing a bond in the sum of $1,000 and otherwise qualifying as prescribed by statute.