## In the Matter of the Probate of the Will of Sczepan Szalkiewicz, Deceased.

Surrogate's Court, Monroe County, October 31, 1950.

*Philip J. Skehan* for Marion Baine, proponent.

*Samuel Chikovsky* for Jeanette Ritz, contestant.

WITMER, S. This is a proceeding for the probate of decedent's alleged will, dated August 8, 1930, in which petitioner is the nominated executrix and sole legatee and devisee except for a

bequest of $1 to respondent and a life use of real estate to decedent's wife who predeceased him. Petitioner and respondent are the daughters and only distributees of decedent, who died in October, 1941. Respondent has interposed an answer objecting to the probate of the will not on the usual grounds of improper execution, incompetency or undue influence, but on the ground that petitioner is precluded, by her prior acts and the decree of this court, from bringing this proceeding.

Respondent alleges that petitioner after decedent's death, knowing that he left the propounded will, concealed the fact from the court and filed a petition in this court alleging that decedent left no will and asking that letters of administration be granted to her, and reference is made to said proceedings on file in this court. The court is advised that petitioner filed said petition in the hope of avoiding friction with her sister, the respondent, and to the end that the two daughters might share equally in the estate. Respondent consented to petitioner's application, and letters of administration were issued to petitioner in this estate under a decree of this court dated November 10, 1941. Thereafter petitioner had a tax proceeding, reporting an intestate estate; and subsequently filed her account and petitioned for judicial settlement thereof, to which respondent likewise consented. A decree of judicial settlement was entered thereon on May 12, 1944, and equal distribution of the remaining personalty was directed. The account showed that there were two parcels of real estate on which petitioner had collected rents, which remained unsold. No receipts were filed showing payments by petitioner in accordance with the directions of the decree, and no final order was obtained for the discharge of petitioner as administratrix; and she is still administratrix of this estate. In the summer of 1950, differences between the two sisters came to a head. In early August petitioner filed the alleged will and petitioned for its probate. Later in August and before citation was served upon her in the probate proceeding respondent petitioned to compel petitioner to account for her acts as administratrix since the decree of May 12, 1944.

Respondent also alleges in her answer to the probate proceeding that the petition is not made in good faith, is made contrary to petitioner's oral agreement with respondent for equal distribution of the estate, and is made only because of subsequent disagreement between the sisters; and further alleges that petitioner had renounced her rights under the will and is estopped from seeking its probate. Petitioner contends that every will, duly executed by a competent testator in the absence

of undue influence, is entitled to probate, and has moved to strike out the answer as a matter of law and for the probate of the will.

In the petition for letters of administration petitioner alleged that decedent left no will, and the court had to find in effect that there was no will in order to have jurisdiction to grant the decree for letters of administration upon said petition. (Surrogate's Ct. Act, § 119, subd. 1; 2 Warren's Heaton on Surrogates' Courts, § 157, par. 4.) The decree of November 10, 1941, directing the issuance of letters of administration to petitioner, therefore, constituted a determination that decedent died intestate, and it is conclusive upon all parties to the proceeding until it is vacated. (*Steele* v. *Leopold,* 135 App. Div. 247, affd. 201 N. Y. 518; Surrogate's Ct. Act, § 80; 2 Jessup-Redfield, Surrogates' Law and Practice, § 1389.) Accordingly, the petition in this probate proceeding is defective in that it fails to ask that the decree of November 10, 1941, granting letters of administration be opened and vacated, and fails to set forth the grounds for such relief. Before this proceeding may progress further such amendment must be made; but the court will expedite the matter by determining this motion as though adequate allegations were in the petition to support the proceeding.

The motion to strike out the answer requires the court to assume the truth of the allegations therein. No case directly in point has been cited by counsel, and the court has found none.

On the facts assumed, petitioner has committed a fraud upon the court, and possibly upon respondent. Clearly, such fraud would be sufficient to justify the court in opening the decree and considering the probate of the will if to do so would benefit anyone besides petitioner. (*Matter of Shonts,* 229 N. Y. 374; Surrogate's Ct. Act, § 20, subd. 6.) If the propounded will contained a valid testamentary trust which one or more of the parties sought to defeat by withholding the will from probate, undoubtedly that would constitute such a fraud upon the court as to justify it in opening the decree. (See *Matter of Shonts, supra; Matter of Billet,* 187 App. Div. 309; 1 Warren's Heaton on Surrogates' Courts, § 121, par. 2, p. 791.) No question of public policy by way of interference with the right of testators to make wills is involved here. The petition for letters of administration, under the assumed facts, may be likened to a renunciation of a residuary legacy or devise, which thereupon passes by intestacy. (See 4 Warren's Heaton on Surrogates' Courts, § 406, par. 10.) And so where, as here assumed, there is no question of public policy involved, and no person except

the one who defrauded the court is seeking to open the prior decree, it seems that the defense to such proceeding should be sustained. Petitioner is not before the court with "clean hands", and has no proper ground upon which to ask the court to undo its prior decree, granted upon her petition and misrepresentation.

Moreover, petitioner's application, under the assumed facts, is barred because of laches. This is particularly so where she was instrumental in securing the decree. (*Matter of Hawley*, 100 N. Y. 206; *Matter of Griffin*, 210 App. Div. 564; *Matter of Volkenberg*, 160 Misc. 257; 1 Warren's Heaton on Surrogates' Courts, § 121, par. 1, subpar. [b].)

The motion to strike out the answer is therefore denied, and the petition for probate of the alleged will is dismissed, unless an amended petition therefor as above indicated is filed within ten days of service upon petitioner's attorneys of a copy of the order to be entered hereon, and which amended petition shall contain allegations supporting a state of facts contrary to those alleged in the answer herein considered.

Submit decree accordingly.