Piersoh B. Hildreth, S.
This is a probate proceeding in which the proponent, decedent’s surviving husband, has moved for an order rejecting and treating as a nullity the objections to probate filed by decedent’s son.
The decedent died'April 24, 1953, survived by her husband, a daughter, and a son, all of whom were of full age. They are the sole parties interested in the estate. More than six months after her death and on November 19, 1953, the husband filed a petition for issuance of letters of administration. Both the son and daughter consented in writing to the issuance of such letters to the husband. Annexed to such petition for letters of administration is a copy of a testamentary instrument allegedly executed by decedent on December 29, 1943. It purports *336 to leave decedent’s estate to her husband, providing alternatively that if he predeceased her the estate would go to the two children. The petitioner alleged that he was unable to prove such instrument as a will because no subscribing witnesses could be located nor could anyone be found to identify their handwriting, although diligent effort had been made to do so. From all that appears, all parties interested agreed that the will could not be probated and that if formally offered the result would be a decree denying probate for failure of necessary proof. All agreed and consented to administration as in intestacy. Full and complete letters of administration were accordingly issued to decedent’s surviving husband on November 19,1953.
On September 21, 1961 the husband filed a petition for probate of the said instrument dated December 29, 1943. With his petition he filed waivers of citation and consents to probate, in the usual form by the son and daughter, those being dated June 8, 1953 and June 3, 1953, respectively. Because of the prior decree granting letters of administration on consent of the same persons and the lapse of time exceeding six years since the apparent date of the waivers, the court by memorandum dated November 7, 1960 directed that the children be cited in the new proceeding or that new waivers executed by them be submitted. Proponent proceeded accordingly. A new waiver and consent executed by the daughter was filed herein. The son was made a party by issuance of citation and service thereof upon him. The son applied for an order to show cause why he should not be authorized to withdraw his 1953 waiver of citation. Since the court had already indicated in its memorandum of November 7, 1960, that his waiver of 1953 was no longer valid and subsisting, such request was academic and was not entertained. He then filed objections to probate on the usual grounds, as well as on the added grounds that proponent by his prior acts, and because of the prior decree granting letters of administration, is precluded from now seeking probate of the instrument.
The pending petition for probate and the papers filed in support thereof allege in substance that proponent has now discovered a witness who can prove the handwriting of the missing subscribing witnesses and accordingly seeks probate.
The motion to dismiss the objections is made on the ground that the son is precluded from filing objections because of the waiver of citation and consent to probate executed by him in 1953. However, under the circumstances of this case, the court as above indicated doubts that the probate waivers executed in *337 1953 retained any validity after the entry of the decree in the administration proceeding. The consents thereafter obtained by petitioner in the administration proceeding, wherein the children consented to the appointment of their father as administrator to serve without bond, were inconsistent with the waivers and consents to probate and superseded the probate waivers. In fact, the decree granting letters of administration necessarily determined that decedent left no valid will. (Surrogate’s Ct. Act, § 119, subd. 1.) It was as though the instrument in question had been formally offered for probate with resultant decree denying probate for failure of proof. All parties interested agreeing that the will could not be probated, issuance of letters of administration was proper. (Matter of Billet, 187 App. Div. 309 [1919]; Matter of Friedman, 164 Misc. 440 [1937]; Matter of Pearle, 92 N. Y. S. 2d 319 [1949] ; Matter of Sielcken, 162 Misc. 54 [1937]; Matter of Millar, 156 N. Y. S. 2d 944 [1956].) Furthermore, the 1953 waiver in this case, as in the usual form, is a consent to probate of a designated instrument “ forthwith.” The commencement of a probate proceeding instituted over six years after a decree granting full administration certainly cannot be considered as acting “ forthwith.”
In effect, what proponent now seeks to do is to reopen or vacate the prior decree granting letters of administration on the ground of newly discovered evidence. The present petition for probate fails to set forth any proper grounds for such relief. The prior decree is conclusive on all parties unless or until vacated. (Surrogate’s Ct. Act, § 20, subd. 6; § 80.) From the papers on file it would appear that petitioner made efforts between April and November of 1953 to find witnesses or proofs without success. There is no indication that anything more was done until 1960. The witness now produced for the purpose of identifying the signatures of the subscribing witnesses appears to have been living for 19 years in an apartment at the same address as that indicated in the propounded instrument for both of the subscribing witnesses. She states that no one ever contacted her in 1953 or at any time thereafter until 1960. There is nothing to indicate that she could not have been found with reasonable diligence in 1953. On the record before the court, and without making any determination of whether proponent is estopped from bringing this proceeding because of his prior actions, the court is of the opinion the petitioner is barred from bringing the present petition for probate because of laches and failure to show facts which might justify vacating the decree granting letters of administration of November 19, 1953. (Collins v. Central Trust Co., 226 App. Div. 486; Matter of *338 Pawley, 100 N. Y. 206.) The situation here is not one where there was concealment of the will originally. It is not a case of administration followed by discovery of a will previously unknown, or which was withheld to the detriment of other parties interested. Petitioner made a full disclosure of the testamentary instrument, and all parties knew about it. Any one of them could have sought probate if they felt the instrument could have been proven. If it had been a case of intention to delay seeking probate until proof were obtained, temporary letters could have been applied for and secured.
The motion to strike out the objections is denied. In addition, the petition for probate is dismissed unless an amended petition containing allegations supporting such necessary facts as indicated is filed within 10 days of service on proponent’s attorney of a copy of the order to be entered hereon. (See Matter of Szalkiewicz, 199 Misc. 262; 1 Warren’s Heaton on Surrogates’ Courts [6th ed.], § 121.)