John D. Bennett, S.
The petition for letters of administration is opposed by the decedent’s son and daughter who have filed with their objections papers certifying that the decedent’s will was probated in the Superior Court for the District of Montreal, Quebec, on December 14, 1962. The certificate indicates the will was probated without notice “ to the heirs and legatees of the deceased ”.
The petition for letters alleges that the decedent died intestate a resident of Nassau County. The objectants challenge the allegation of residence in this county, and further contend that letters of administration may not be granted where the decedent left a will.
Assuming the decedent to be a nonresident, where a will has been admitted to probate or established in another State or country, jurisdiction over original probate or administration in this State has been refused (Matter of Connell, 221 N. Y. 190; Matter of Lamborn, 168 Misc. 504, affd. 255 App. Div. 755, affd. 280 N. Y. 504). Under such circumstances the Surrogate is limited to the issuance of ancillary letters upon proper application, accompanied by a copy of the will and of the foreign letters properly authenticated (Matter of Curtiss, 140 Misc. 185).
Matter of Connell (supra) insofar as it held that the procedure in establishing a will in Quebec was not tantamount to an admission to probate in this State, no longer applies. It is sufficient at present that the instrument was established within the foreign jurisdiction in the manner required by its law (Surrogate’s Ct. Act, § 159; Matter of Warburg, 129 Misc. 882).
Assuming, on the other hand, that the decedent died a resident of Nassau County, it is true that letters of administration could not be granted according to statute if there is a will (Surrogate’s Ct. Act, § 119, subd. 1). The statute, however, has been held to refer to a valid will. “ The existence, or the filing in the Surrogate’s Court, of a paper purporting to be a will does not import validity to the paper. It becomes a valid will only after it has been duly admitted to probate.” (Matter of Friedman, 164 Misc. 440, 441 and cases there cited.) However, not all the persons interested in the will and codicil probated or established in Quebec have been given an opportunity to probate such will *215 in this county, and before letters of administration could issue such opportunity would have to be afforded them (Matter of Friedman, supra).
From what has been said, it is apparent that the issue of domicile must first be resolved before any further determination can be made. The certificate of the Superior Court of the Province of Quebec, Probate Division, showing the will to have been admitted to probate, contains no finding of residence or domicile in Quebec, Canada, but states: 1 ‘ That the Last Will and Testament and Codicil thereto of the late issie wachman, in his lifetime of the City (of) East Hills, State of New York, one of the United States of America, formerly of the City and District of Montreal, Province of Quebec, Canada” (italics supplied).
Moreover, even if there had been a determination on domicile in Quebec, the proceeding having been ex parte, the adjudication upon domicile would not be conclusive here (Matter of Curtiss, 140 Misc. 185, supra).
The issue, therefore, which will be heard preliminarily is that of “ residence ” which, as used in the Surrogate’s Court Act, is synonymous with “ domicile ” (Matter of Katz, 135 Misc. 861, 864).
A supplemental citation is directed to issue to all the interested parties in the will admitted to probate or established in Quebec, prior to any hearing or determination on domicile.