William J. Regan, S.
In this probate proceeding the attorneys have requested that the last will and testament of Donald G. Rivette, deceased, be denied probate and that letters of administration issue in this estate.
The will dated May 4,1965 was prepared and drawn by attorney Dean Higgins who was also a subscribing witness. By the terms of the will the entire estate was bequeathed to Elsie Cox, stepdaughter of the deceased, and she was appointed executrix. The sole distributee is the objectant, Francis Rivett, a brother of the deceased.
The testator died on May 14, 1965 and his will was offered for probate by the named executrix on May 18, 1965. Subsequently written objections to the probate of the above will were filed with this court by the objectant. Thereafter the parties compromised their differences and have agreed between themselves *39 as to the manner in which estate assets shall be administered and distributed. The parties now request that the will be denied probate and that letters of administration be issued to each of them as coadministrators.
The will, as offered, shows no apparent defects on the face thereof. The testimony of Dean Higgins, attorney who prepared and drew the will, establishes to the satisfaction of this court that the will was executed in the manner prescribed by section 21 of the Decedent Estate Law, and that at the time of its execution the decedent was of sound mind and free from restraint. The issues raised by the objections are issues to be tried on the merits before the Surrogate and a jury and are not intended to be adjudicated between the parties themselves. This, of course, does not preclude the parties from entering into a compromise agreement respecting the administration and eventual distribution of this estate. That is not the issue here.
The issue is whether a paper writing purporting to be a will may be denied probate simply by the agreement of the parties interested.
The argument is advanced that where all parties interested in an estate agree that a will shall not be offered or admitted to probate, it is not within the power of the Surrogate to enforce its admission. (Matter of Sielcken, 162 Misc. 54; Matter of Billet, 187 App. Div. 309.)
The answer to this argument is immediately apparent. We have here a situation where the will has been offered for probate by the proponent, Elsie Cox. The Surrogate is accordingly bound by subdivision 2 of section 144 of the Surrogate’s Court Act to follow the literal direction of the statute that if it appears a will was duly executed by a competent testator it must be admitted to probate. (Matter of Cherkoff, 9 A D 2d 557.)
In those cases where a purported will has been merely filed with the Surrogate and letters of administration were issued upon the agreement of all interested parties, there is generally some proof presented to satisfy the Surrogate that the will could not be properly proved, if presented, or that the validity thereof could not be established because of improper execution, substantial obliterations, and the like. (Matter of Hammel, 33 Misc 2d 335; Matter of Friedman, 164 Misc. 440; Matter of Billet, 187 App. Div. 309.) Even in the Bielcken estate it would appear that the so-called German will was not offered for probate for the reason that the will that was probated was substantially identical to the German will.
In any event, this court holds to its heretofore expressed opinion that a writing purporting to be a will is a sacred document *40 entitled to every opportunity to have its validity established once it is filed with this court, even though not offered for probate.
It is true that the validity or invalidity of a will can only be determined in a probate proceeding; and in the absence of such a proceeding, testacy may not be assumed, for purposes of denying administration. (Surrogate’s Ct. Act, §§ 139, 314, subd. 1.) However, as pointed out by Surrogate Bennett in Matter of Millar (156 N. Y. S. 2d 944): “ [A] greement by all interested parties not to probate a will does not inhibit the surrogate’s court in the discretionary exercise [of statutory authority to require the public administrator to present a petition for probate] where a will has been filed, and the court deems it appropriate to direct the initiation of a probate proceeding.” (Surrogate’s Ct. Act, § 118, subd. 2; § 139.) This section was not considered in Matter of Sielcken (supra).
In the instant proceeding, therefore, this court will not accede to the request to deny probate to the will which has heretofore been offered for probate by the named executrix. The contemplated compromise agreement is not affected by the probate. It is accordingly decided that upon the proper withdrawal of the objections heretofore filed by objectant, that the will of the decedent bearing date the 4th day of May, 1965 be admitted to probate subject to the compromise agreement negotiated by the interested parties.