John D. Bennett, J.
This is an application by Abraham Unger to whom ancillary letters testamentary were issued, he having been authorized to receive ancillary letters testamentary by a designation signed by the alleged sole legatee under a will admitted to probate in Poland.
The administration of this estate has taken a somewhat circuitous path. Originally letters of administration were issued to a resident brother of the decedent, Roman Sikorski, who alleged in his petition that decedent died a resident of Poland leaving him surviving two brothers and two sisters, all of whom with the exception of the petitioner resided in Poland. On the application of the surety company, letters to the resident brother were revoked because of an alleged misapplication of funds whereby the then administrator attempted to transmit assets in a New York bank account directly to the beneficiary named in the decedent’s will established in Poland. The money was directed to be paid into the court following the revocation of the then administrator’s letters. The sum of $2,624.66 is certified to be presently on deposit with the Comptroller following its payment to him by the Treasurer of the County of Nassau in 1963. During and following a hearing certain objections have been interposed by the Attorney-General to various documents offered in evidence by the applicant. The objections to the decree of this court granting ancillary letters testamentary to the petitioner and to the decree of the Polish court are overruled. The fact that the Polish probate proceeding may have been in the so-called common form without jurisdiction having been obtained of the decedent’s distributees, is without merit since it would appear that the instrument was established in the foreign jurisdiction in the manner required by its laws (Matter of Wachman, 38 Misc 2d 213). Moreover, the original waiver and release of any interest in this estate signed by the three distributees residing in Poland has presently been filed with the court. While the Attorney-General was not made a party to the application for ancillary letters testamentary, as he points out, there was no requirement that any such notice be given to him under the circumstances (Surrogate’s CL Act, § 162).
While the Attorney-General has indicated that this court should await determination of this application for transmittal to the legatee under the will established in Poland until a determination by the Appellate Division of the appeal in Matter of *885 Kina (49 Misc 2d 598), which similarly involved transmittal of funds to Polish nationals, this court has in a number of cases consistently followed Matter of Tybus (28 Misc 2d 278) decided by the late Surrogate Moss in Kings County following a personal visit to Poland (Matter of Swiderski, 29 Misc 2d 480; Matter of Groncky, 230 N. Y. S. 2d 181). In addition, the petitioner has submitted a copy of a letter from the Embassy of the United States of America in Warsaw, Poland, dated January 29, 1965, which stated “ that the Embassy considers the finding of the late Honorable Maximilian Moss rendered on July 12, 1961 (as) still valid.” In addition, the letter states “ that if the facilities of PKO are used, a Polish national will receive for the dollars remitted to Poland approximately what he could receive in the United States ”. A letter from the Department of State, Washington, D. C., dated February 27, 1967, states that that department has not been apprised of any ease where Polish nationals have failed to obtain full value for funds transmitted to them.
Under the circumstances the court can see no reason to depart from its previous policy of transmitting funds to Polish nationals through the agency of the Polish PKO bank. Accordingly, the court finds that the Polish national beneficiary under the will established in Poland will receive the benefit, use or control of the funds now on deposit with the Comptroller, and the application for transmittal is granted. The Comptroller is directed to make payment of the funds now on deposit with him without interest, less his lawful fees, to the ancillary administrator upon the latter filing a bond in the amount of the funds to be received. Proof of exemption of the estate from any estate tax or payment of any tax due should be filed prior to the signing of the order.