In the Matter of the Estate of HUGO R. MEYER, Deceased.

JOHN T. WILSON, as Conservator and Committee of the Estate of PHILIP A. MEYER, an Incompetent Person, Appellant; UDONA B. MEYER, as Ancillary Executrix, Respondent.

*Surrogate's Court — decedent's estate — claim of non-resident creditor of estate for which ancillary executor has been appointed may be entertained by surrogate — may refuse to pass upon all claims and remit local assets to foreign executor — power discretionary and unless abused not reviewable by Court of Appeals.*

A surrogate may entertain and direct payment of the claim of a non-resident creditor of an estate for which an ancillary executor has been appointed in this State or he may refuse to pass upon all claims and remit the assets to the foreign executor to be administered and distributed by him. Whether the latter course shall be adopted is a matter of judicial discretion which, where his action is not without justification, cannot be reviewed by the Court of Appeals.

*Matter of Meyer*, 216 App. Div. 735, affirmed.

(Argued February 23, 1927; decided March 1, 1927.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 5, 1926, which affirmed a decree of the New York County Surrogate's Court denying an application for an order directing the ancillary executrix of the estate of Hugo R. Meyer, deceased, to account and directed that the decree to be entered upon her intermediate account provide for the transmission of the local assets to the

domiciliary executrix of decedent in the State of Victoria, Australia, for administration.

*Carroll G. Walter* and *Edward J. Patterson* for appellant.

*Herman S. Hertwig* and *James M. Fassett* for respondent.

*Per Curiam.* An ancillary executor being named in this State, what might be the rights of a non-resident creditor of the estate, should the surrogate elect to adjudicate as to the claims of residents we do not attempt to consider. That the surrogate may entertain and direct the payment of his claim we are clear (Surrogate's Court Act, sec. 165). Equally clear is it that the surrogate may refuse to pass upon all claims, whether of residents or non-residents. The local assets must then be remitted to the foreign executor to be administered and distributed by him. That the surrogate has done here. No question of discrimination in favor of domestic creditors is before us. Whether this course shall be adopted is a matter of judicial discretion. Such action was not without justification, and it may, therefore, not be reviewed and reversed by us.

The order should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Order affirmed.