In the Matter of the Estate of ALMA LARSEN, Deceased.

Surrogate's Court, Kings County, May 9, 1930.

*Albert A. Friedlander*, for the petitioner.

*Walter J. Hadley*, for the respondent.

*Robert W. Owens, Jr.*, for Biscayne Trust Company, executor named in the last will and testament of Alma Larsen.

WINGATE, S. This is an application for the appointment of a temporary administrator in Kings county upon the estate of Alma Larsen, a non-resident of this State, domiciled in Florida at her death.

It appears from the petition that an alleged last will of this decedent was admitted to probate in the County Judge's Court, Dade county, Florida, on February 20, 1929, and simultaneously letters testamentary were issued to Biscayne Trust Company, a Florida corporation, the executor therein named. On March 20, 1929, an exemplified copy of this will, the decree of probate and the letters were duly recorded in the office of this court, pursuant to the provisions of sections 44 and 45 of the Decedent Estate Law (as amd. by Laws of 1926, chap. 218).*

The will is brief, giving one legacy of $1,000 to a named beneficiary and the entire residue to a nephew, Lars Monroe Larsen. It appoints the Biscayne Trust Company executor with broad powers of sale.

The petition alleges that on December 10, 1929, a proceeding was instituted in Florida to revoke the probate on allegations of undue influence and lack of testamentary capacity, which proceeding is still pending and undetermined. It is further alleged that there is personal property in Kings county and real estate of a value of $180,000, which is being managed, rents collected, etc., by the nephew, who is the residuary legatee. The fact of personal property in this jurisdiction is denied, but the realty is admitted.

The instant application was made on February 11, 1930, the citation being made returnable on March thirty-first.

The rather voluminous briefs of the parties are directed in considerable measure to the Florida statutes respecting proof of wills. It is, of course, well established that the court will not take judicial notice of the laws of another State, and that these must be proved as a fact. (*Matter of Smith*, 136 Misc. 863, and cases cited.) Statements respecting such laws in brief are not proof. It follows that the court has nothing before it upon which a determination in this regard can be based. If it be assumed for the purposes of this preliminary determination that counsel have correctly stated the effect of these statutes, it would appear that under Florida procedure a will is presented for probate without formal notice to any one, and if proved by the subscribing witnesses is admitted and letters issued thereon unless some person has previously filed a caveat against it; that within a year subsequent to admission any party interested may institute a proceeding for revocation, in which case the issues raised are tried in usual course.

---

* Since amd. by Laws of 1929, chap. 230.— [REP.

It is also open to any contesting party to institute a proceeding for the revocation of letters and the appointment of a temporary administrator, pending such hearing.

Since it is well established in this State that the act of a court of competent jurisdiction in admitting to probate the will of one of its deceased citizens is a proceeding *in rem* (*Matter of Horton*, 217 N. Y. 363, 368), it would seem inevitable, granting that the foregoing exposition of Florida law is correct, that the Florida courts, having admitted the will to probate, such action and its necessary legal consequences are not subject to collateral attack under section 1 of article 4 of the Federal Constitution. It would, therefore, follow that the will in the instant case, having been validly probated, is conclusive upon the rights of all parties until vacated or modified.

Although, as noted, the fact of the presence of personal property in this State is contested, an affirmative determination of this issue would not, in the opinion of the court, materially alter the situation presented, since the real basic contention is that a temporary administrator should be appointed to manage the real estate.

It will be noted that section 126 of the Surrogate's Court Act reads that " the surrogate *may, in his discretion,* issue * * * letters of temporary administration * * *."

As bearing upon the propriety of such issuance, we read in *Matter of Curtis* (194 App. Div. 334 at p. 336): " Ordinarily the Surrogate's Court should be slow to appoint a temporary administrator, unless in case of real necessity, as such an appointment usually involves large additional expenses to the estate in the payment of the commissions of such temporary administrators."

Section 126, so far as here pertinent, provides that such appointment is permissible " when for any cause, delay necessarily occurs in the granting of letters testamentary or letters of administration, or in probating a will."

Although none of the expressed conditions are here present, the court is of the opinion that upon a proper showing its equitable powers are now broad enough to warrant it in appointing a temporary administrator as a conservator (*Matter of Morris*, 134 Misc. 374), but it is further of the opinion that such demonstration has not here been made. On the foregoing understanding of the Florida statutes, it would have been possible for the petitioner or those united in interest with her, by the exercise of reasonable diligence, to have prevented the probate of the will in the first instance; furthermore, she or they might still obtain a suspension of the powers under the letters testamentary by an application to the Florida courts. Under such circumstances, there is no reason

why the courts of this State should interfere with the orderly administration of the estate in accordance with the laws of the domicile of the decedent.

An additional consideration which inclines the court against entertaining the instant application is the laches of the petitioner. The will was admitted to probate on February 20, 1929, yet the petitioner waited for ten months less ten days before giving notice of any intention to institute the Florida contest and for over thirteen months before bringing on this proceeding. Such delay would naturally arouse some skepticism in the mind of the court respecting the imminence of the alleged threat of irreparable damage, particularly in view of the absence of any showing that there has been any material change in the conditions which have prevailed during the past year or more.

As the matter stands, therefore, the petition must be denied. If, however, the petitioner feels that in consequence of the improper presentation of the laws of Florida the court has misconceived their effect in any material respect, the matter may be brought on for hearing within ten days after service of an order to be entered hereon, at which time they can be duly proved.

Enter order, on notice, accordingly.