In the Matter of the Estate of KATHARYN O. CORNELL, Deceased.

Surrogate's Court, New York County, October 26, 1933.

Towsley & Bangs, for the executor.

W. Morton Carden, for the objector William T. Alford, and for the State of Missouri.

DELEHANTY, S. The proceedings had in respect of the estate of above-named deceased disclose that she died on June 4, 1933, at an apartment leased by her in Kansas City, Mo. She left a will which in July, 1933, was admitted to probate in the State of California on petition of the executor named therein, a former husband of deceased from whom she had been judicially separated. Immediately following her death, the public administrator acting for the State of Missouri in the territory comprising Kansas City procured letters of administration to be issued to him and soon thereafter presented an application to this court upon which ancillary letters of administration were issued to him. He thereupon demanded possession of substantial property held at the time of the demand in the custody of a banking institution in this county. Upon being advised of this demand, the executor named in the will of deceased, who had meantime initiated probate proceedings in the State of California, applied to this court for an order suspending the powers of the ancillary administrator. Such suspension was granted pending the completion of the probate proceedings in the State of California. Such proceedings eventuated in a probate of the will there and after such probate the executor filed in this court a copy of the will and an authenticated copy of the letters testamentary issued to him, and thereupon procured a decree which had the effect of terminating the powers of the ancillary administrator theretofore appointed and which directed issuance of ancillary letters testamentary to the executor. Thereupon the ancillary administrator applied to this court to vacate the decree granting ancillary letters testamentary and upon that application, which is now before the court for decision, the State of Missouri through the Attorney-General of the State procured leave to intervene and has joined in the application to vacate the ancillary letters testamentary.

The sole issue raised by the papers now before the court is one

of actual domicile or residence of deceased at the time of her death. No suggestion is made of attack upon the will of deceased as an effective instrument. In view of such lack of denial that deceased left a will appointing an executor the court deems the public administrator acting for the State of Missouri to be no longer an interested party in this jurisdiction whatever may be his rights in respect of assets found within the governmental unit for which he is acting in the State of Missouri. The State of Missouri, however, remains as a party and consideration must be given to its status here and to the extent to which the court should go in here enforcing any rights which that State may have.

The executor of the will asserts that no question is here open for consideration and that the court is bound to recognize the letters issued to him because of the " full faith and credit " clause of the Constitution of the United States. This view is neither in accord with the authorities nor with the terms of the Surrogate's Court Act. Section 159 of the act regulating the grant of ancillary letters testamentary and section 160 of the act regulating the grant of ancillary letters of administration each specify as a prerequisite that the original letters be shown to have been granted in the State where the deceased resided at the time of his death, except that in the case of a will proof of residence in the State of probate may be substituted by proof of execution of the will in that State. Since in the instant case the will was executed in the State of Oklahoma the only basis to the jurisdiction here to issue ancillary letters testamentary is the establishment of residence of the deceased at the time of her death in the State of California. The State of Missouri makes attack upon the decree granting ancillary letters testamentary upon that precise issue of domicile or residence. The decree of the State of original probate is not conclusive on the question of domicile or residence but the existence or non-existence of the facts giving jurisdiction to this court to issue ancillary letters is subject to collateral attack. (*Matter of Harriman*, 124 Misc. 320; affd. on opinion below, 217 App. Div. 733; *Taylor* v. *Syme*, 162 N. Y. 513; *Baldwin* v. *Rice*, 183 id. 55; *Matter of Connell*, 221 id. 190.) On the authority of the cited cases this court holds that it has power now to inquire into the matter of domicile and after such inquiry to determine whether there exists jurisdictional basis for the grant of ancillary letters.

Though the court has the power to make the inquiry, should such power be exercised? Here no question is made of the existence of a will nor of the fact of its original probate in the State of California. The will vests in the executor chosen by deceased the power to manage the property of the estate. This chosen representative of deceased has selected the courts of California as the forum in

which to initiate the administration of the assets of deceased. Upon a showing of the existence of assets in this county this court has jurisdiction to entertain an original probate of the will. Such probate might be granted despite an earlier probate in another jurisdiction. In practical effect the sole results to be achieved by the inquiry now urged to be made here into the actual domicile or residence of deceased at the time of her death will be to determine whether the assets here will be administered under original or under ancillary letters and further to give to the State of Missouri the opportunity to litigate here with the executor the existence of a basis upon which the State of Missouri may predicate a claim of right to tax the assets of deceased.

While the State of Missouri has not in its application to intervene stated that it is seeking such basis for tax collection, no other purpose on its part can be assumed to exist. The same question, therefore, is presented as would arise if the court here had granted original probate and thereafter the State of Missouri had applied here to have tried the issue of domicile or residence of deceased preliminary to the filing of a claim by the State of Missouri against the assets here for a tax alleged to be due the State of Missouri from the estate. So stated, the position of the State of Missouri is that it is seeking here in this forum to enforce some claim of right to tax though the assets out of which the claim is to be satisfied are wholly outside the territorial jurisdiction of the State of Missouri. While possibly conditions might arise which would warrant the opening of a judicial forum here to aid another sovereignty (*Matter of Martin*, 255 N. Y. 359), the general policy of this State denies access to its courts for such purpose (*State of Colorado* v. *Harbeck*, 232 N. Y. 71). It is true that there have been instances of submission of tax claims by other sovereignties to the jurisdiction of this State when this State has granted original administration on the basis that deceased resided within this State (*Matter of Lydig*, 191 App. Div. 117; *Matter of Lyon*, 117 Misc. 189; *Matter of Stone*, 135 id. 736). In those instances the controversy was between this State and the contesting sovereignty. In the instant case, the State of New York makes no claim that deceased was domiciled or resident here. The controversy respecting that domicile or residence is between the States of California and Missouri. In respect of that controversy the State of New York should remain indifferent. It cannot be presumed by this court that there will be failure on the part of the courts of California to accord to the State of Missouri such remedy as the latter may show itself to be entitled, if it make proper application.

When the situation is thus analyzed it is perceived that the only question here presented is whether this court, on the initiative

of parties not entitled of right to be heard in the enforcement of any claims against assets in this jurisdiction, will inquire into the question whether the jurisdictional facts exist as prescribed by section 159 of the Surrogate's Court Act. As stated, the sole result of such inquiry if conducted would be either to confirm the existing decree for the issuance of ancillary letters testamentary or to vacate such decree and thereby compel the executor named in the will to initiate an original probate proceeding here.

This court is concerned with the satisfaction out of assets within this jurisdiction of valid claims against such assets in favor of the State of New York for taxes and in favor of the citizens of the State who are either creditors of deceased or legatees under her will. All of this can be accomplished under an ancillary administration.

The proceeding for the probate of a will is in some aspects a proceeding *in rem* and the decree establishing a will may be a valid declaration respecting the *res* even as against parties who have had no notice of the probate. (*Matter of Horton*, 217 N. Y. 363.) The courts of this State may as a matter of comity recognize the status established by such foreign probate. (*Helme* v. *Buckelew*, 229 N. Y. 363.) The decree of the State of California asserts probate based upon residence in that State. There is no need to discriminate between original and ancillary administration in order to protect the citizens of this State. There is no reason why comity between States should not permit the acceptance of the recital of residence at least until attack is made upon it by some interest which this State is obliged to recognize.

The courts of this State have always been conservative in entertaining jurisdiction of issues arising between non-residents. (*Wedemann* v. *United States Trust Company*, 258 N. Y. 315.) There is undoubted power on the part of this court to direct that the entire administration of the assets of deceased be carried out in the forum of original probate and for that purpose to direct an ancillary representative here to transmit all assets to the original forum. (*Matter of Meyer*, 244 N. Y. 598.) If it has power so to direct even when the rights of its own citizens are involved there should be no doubt of its power to require non-residents to pursue their claims, if any, in the original forum. Whatever balance of assets there may be after satisfying the claims in this jurisdiction must be remitted to that forum.

There is sufficient here shown to require this court as matter of comity to recognize the probate in the State of California and to decline in its discretion to make the requested inquiry as to domicile. The application for such inquiry is denied. Ancillary letters testamentary will issue as heretofore decreed. Proceed accordingly.