In the Matter of the Application of HERMAN D. CORNELL for Ancillary Letters Testamentary of the Last Will and Testament of KATHARYN OGLESBY CORNELL, Deceased.*

WILLIAM T. ALFORD, Domiciliary Administrator, and STATE OF MISSOURI, Appellants; HERMAN D. CORNELL, Respondent.

First Department, December 7, 1934.

* Revg. 149 Misc. 553.

*W. Morton Carden,* for the appellants.

*Frederick C. Bangs* of counsel [*Hall, Merritt & Bangs,* attorneys], for the respondent.

UNTERMYER, J.  William T. Alford, domiciliary administrator of the estate of Katharyn Oglesby Cornell by appointment of the Probate Court of Jackson county, Mo., and the State of Missouri appeal from a decree of the Surrogate's Court of New York county, denying the application of the domiciliary administrator for a trial of the issue as to whether at the time of the death of Katharyn Oglesby Cornell she was domiciled in the State of California or in the State of Missouri, and further directing the issuance of ancillary letters testamentary to Herman D. Cornell, to whom letters testamentary had theretofore been issued in California.

The decedent, Katharyn Oglesby Cornell, died on June 4, 1933, at an apartment leased by her in Kansas City, Mo.  On June 7, 1933, upon the allegation that the decedent died a resident of Missouri and intestate, William T. Alford, the public administrator of Kansas City, was granted letters of administration upon her estate by the Probate Court of Jackson county, Mo.  Thereafter he petitioned for ancillary letters of administration in New York, and these were granted on July 7, 1933.

In the meantime, on June 22, 1933, an instrument executed in 1928 in the State of Oklahoma, purporting to be the last will and testament of Katharyn Oglesby Cornell, was offered for probate in the Superior Court of Los Angeles county, Cal., by Herman D. Cornell, the decedent's former husband, from whom she had been separated by an agreement executed in April, 1931, and from whom she was divorced in May, 1932.  The petition offering the will for probate alleged that the deceased at the time of her death was a resident of the county of Los Angeles, State of California.  The Superior Court of Los Angeles county, without notice to either of the appellants, found that the decedent, was domiciled in California, admitted the will to probate and issued letters testamentary to Herman D. Cornell, the executor therein named.

After the will had been admitted to probate in California, Herman D. Cornell on July 28, 1933, filed a petition in the Surrogate's Court of New York county alleging the existence of property of the decedent within the State of New York and praying for the issuance to him of ancillary letters testamentary. The prayer of the petition was granted and a decree entered to that effect on July 31, 1933, which, in effect, revoked the ancillary letters of administration previously issued to the public administrator appointed in Missouri. Thereupon, on August 17, 1933, the public administrator appointed in Missouri made application to the Surrogate's Court of New York county for a trial of the issue of the domicile of the decedent at the date of death, whether California or Missouri; further, that the court vacate its decree directing ancillary letters testamentary to be issued to Herman D. Cornell, and reinstate the ancillary letters of administration previously issued to William T. Alford, the Missouri administrator. The State of Missouri also intervened and joined in the application " for the purpose of protecting the inheritance tax due the State." Upon the motion the parties filed comprehensive affidavits in support of their contentions on the issue of the domicile of the deceased. The surrogate denied the motion for a trial of the issue of domicile and directed that ancillary letters testamentary be issued to Herman D. Cornell as theretofore decreed.

In denying the application the surrogate did not rule at all upon the question of the domicile of the decedent. On the contrary, he expressly declined to entertain consideration of that question, holding that ancillary letters should be issued to the executor appointed in the State of California without regard to the question of domicile. This was tantamount to a ruling that even though the decedent died a resident of the State of Missouri the executor appointed in California was nevertheless entitled to recognition here. In so holding the surrogate correctly held that " the decree of the State of original probate is not conclusive on the question of domicile or residence, but the existence or non-existence of the facts giving jurisdiction to this court to issue ancillary letters is subject to collateral attack." Such is the established rule of law. (*Tilt* v. *Kelsey,* 207 U. S. 43; *Matter of Horton,* 217 N. Y. 363; *Taylor* v. *Syme,* 162 id. 513.) The surrogate held nevertheless that although power existed to make the inquiry, in his discretion, the power should not be exercised.

We think no element of discretion was involved, and futhermore, that if discretion existed at all in such a case it was improvidently exercised. The surrogate was confronted with two irreconcilable decrees of other States, both of which could not be entitled to

recognition. If the Probate Court of Jackson county, Mo., had jurisdiction to appoint an administrator of the estate of the decedent by reason of her residence there at the time of death, then the Superior Court of Los Angeles county, Cal., was without jurisdiction and its decree granting letters testamentary to Herman D. Cornell was void. Conversely, if the California decree was valid, the Missouri decree appointing the administrator was void. In either event it is difficult to see how the courts of this State can avoid a determination of these conflicting claims when both parties demand ancillary letters, unless we hold, as it is contended we should hold, that the claim of the executor, even if appointed by a court which had no jurisdiction over the estate, is superior to the claim of the administrator though appointed by a court of competent jurisdiction. This we are not prepared to do. We see no escape from the conclusion that recognition must be accorded to whichever decree is entitled to be recognized, as disclosed by the facts on which its validity depends. If, without inquiry into the question of jurisdiction, recognition be accorded to the California decree, we necessarily refuse recognition to a decree of the State of Missouri which, if valid, entitles the domiciliary administrator to ancillary letters in this State.

Sections 159 and 160 of the Surrogate's Court Act are declaratory of these principles. Section 159 provides that ancillary letters testamentary " must " be issued by the Surrogate's Court where the will has been admitted to probate in the State " where the testator resided at the time of his death." Section 160 provides that ancillary letters of administration likewise " must " be issued by the Surrogate's Court where letters of administration have been granted within the State " where the decedent so resided." How may the surrogate comply with these mandatory provisions of the statute where there are conflicting claims to ancillary letters based upon irreconcilable decrees? Manifestly, by a determination of the validity of the decrees, necessitating an inquiry into the residence of the decedent at the time of her death, upon which depends the jurisdiction of the courts by which the decrees were made. We find nothing in these statutory provisions which suggest that in the exercise of the discretion of the court ancillary letters testamentary may be issued to an executor appointed in a State where the decedent was not domiciled to the exclusion of an administrator appointed at the place of domicile.

It is asserted, however, that the validity of the will is not challenged in this proceeding and that we may, therefore, disregard the fact, if it be the fact, that it has not been admitted to probate by any court of competent jurisdiction. For these reasons it has been

held that the domiciliary administrator is not an interested party in this jurisdiction. But the mere existence of a will of the decedent, until authenticated by probate, would not confer authority on the executor named therein. (*Matter of Billet*, 187 App. Div. 309.) (See, also, *Anderson* v. *Anderson*, 112 N. Y. 104.) It would not divest the administrator of his powers nor of his interest. (Surr. Ct. Act, § 154.) Indeed, ancillary letters testamentary could not be issued here until, by a valid decree, letters had been issued in another State. By section 159 of the Surrogate's Court Act (formerly section 2629 of the Code of Civil Procedure, as revised by Laws of 1914, chap. 443, from section 2695 of the Code of Civil Procedure, as amended) " the surrogate had no jurisdiction to record the will and grant the ancillary letters unless there was proof before him that the will had been admitted to probate " in the foreign jurisdiction. (*Matter of Connell*, 221 N. Y. 190.) If the will of Katharyn Oglesby Cornell was not admitted to probate by a court of competent jurisdiction, it was in legal effect not admitted to probate at all. Speaking in the case last cited, the court said: " The word ' probate ' as there used [section 2695 of the Code of Civil Procedure] implies a judicial determination. ' A probate is a judicial act of a court, having competent jurisdiction.' (*Stephens' Executors* v. *Smart*, 1 Car. L. R. 471.) " (See, also, *Baldwin* v. *Rice*, 183 N. Y. 55.) Moreover, this was not the proper proceeding in which to engage in a contest concerning the existence or the validity of the will. The only issue that could have been contested here was the validity, not of the will, but of these foreign decrees. Any contest of the will, if attempted here, would have been either unavailing or unnecessary — unavailing if the California court had jurisdiction, for then its decree would be conclusive as to the validity of the will even though the appellants were not served in those proceedings (*Matter of Horton, supra*); unnecessary if the California court was without jurisdiction, for then its void decree would bind and benefit no one (*Kerr* v. *Kerr*, 41 N. Y. 272). The Missouri administrator remained, therefore, a party interested in the proceeding and was entitled to insist upon a determination of his claim to ancillary letters of administration.

Upon the assumption of the existence of a valid will, it is also suggested that the Surrogate's Court of New York county would have jurisdiction to entertain an original probate of the will on account of the presence of assets here. But the existence of such jurisdiction would not justify the granting of ancillary letters to a foreign executor or administrator who is not entitled thereto because appointed by a court without jurisdiction over the estate. The granting of such ancillary letters would result in the transmission of

assets within this State (Surr. Ct. Act, § 164) to a foreign executor or administrator not qualified to receive them by any valid decree.

Having reached this conclusion, it is unnecessary to consider whether the State of Missouri also has standing in this proceeding to insist upon an inquiry into the issue of the residence of the decedent for the purpose of protecting such claim for taxes as it may have against the assets of the estate.

The decree so far as appealed from should be reversed, with costs to the appellants payable out of the estate, and the matter remitted to the surrogate for further proceedings in accordance with this opinion.

MERRELL and TOWNLEY, JJ., concur; MARTIN and GLENNON, JJ., dissent.

Decree so far as appealed from reversed, with costs to the appellants payable out of the estate, and the matter remitted to the Surrogate's Court for further action in accordance with opinion.