In the Matter of the Estate of THOMAS W. SPENCER, Deceased.

Surrogate's Court, New York County, October 11, 1938.

*O'Brien, Driscoll & Raftery,* for the petitioner.

DELEHANTY, S. By decision (255 App. Div. 755) October 7, 1938, the Appellate Division of the Supreme Court affirmed *Matter of Lamborn* (168 Misc. 504), and thereby approved the principle stated by FOLEY, S., in *Matter of Lamborn* that this court is not required to entertain jurisdiction of the probate of a will of a non-resident merely because assets of deceased are in this State and that the court is not required here to try controversies which are properly triable in the State of domicile of deceased.

In the case of the propounded will of Thomas W. Spencer the only nominated executor who intends to act resides in Lakewood, N. J., where deceased was domiciled. She is the widow of deceased. The sole other distributee of deceased lives at Lakewood, N. J. The law of New Jersey must determine the relative interests of the widow and the child of deceased, who are the sole beneficiaries under the propounded will except for a remotely contingent remainder interest which may benefit a charitable corporation in New York city. That law must be resorted to in the construction of the will of deceased if any question as to its terms shall arise.

In the circumstances of this case there is no reason whatever to invoke the original probate jurisdiction of this court. Every necessary act of administration in this State can be performed readily in ancillary proceedings.

Accordingly the court declines to entertain original jurisdiction and remits petitioner to the State of domicile.

Proceed accordingly.