In the Matter of the Estate of ELIZABETH M. HANDY, Deceased.

Surrogate's Court, New York County, October 11, 1938.

*John J. Niemann,* for the petitioner.

DELEHANTY, S. Deceased died domiciled in Newark, N. J., leaving distributees who are resident in New York State. The sole purpose of administration of the estate is the payment of debts and funeral expenses since the petition asserts that there is no net estate. There is no reason why this court should undertake the administration of such an estate. It can be and should be administered in the State of domicile. Accordingly the court declines to entertain jurisdiction.

In *Parsons* v. *Lyman* (20 N. Y. 103) the Court of Appeals laid down the standard rule that the general administration of an estate ought to be in the State of domicile. The court (at pp. 119–121) adverts at length to the undesirable results of attempting a primary administration of an estate in a jurisdiction where the courts properly should perform their functions under an ancillary administration only. The case was cited with approval in *Matter of Fitch* (160 N. Y. 87). The review of the authorities made by FOLEY, S., in *Matter of Lamborn* (168 Misc. 504) shows how substantial are the questions that may arise if original jurisdiction is entertained without sound reason. The refusal of jurisdiction in that case was affirmed by the Appellate Division (255 App. Div. 755).

There being in the opinion of the court no basis upon which its jurisdiction should be exercised to entertain original administration, the parties are remitted to the State of domicile of deceased which alone has full jurisdiction over all creditors and all assets of deceased. There only can all questions of creditor interest in the estate be settled. Proceed accordingly.