John D. Bennett, S.
A distributee, a resident of the State of Washington, contests the probate of the decedent’s will in this State on the ground that this court lacks jurisdiction since the decedent died a resident of Florida and the bulk of her estate is situate there.
No hearing was necessary on the issue of domicile or the extent of property in New York because the proponent concedes that the decedent is a nonresident of New York, that she owned real property in Floi’ida, and that most of the assets are without *1073 the State. However, he contends that the decedent did have a savings account since 1934 in a bank located in Nassau. County and since her death jewelry has come into the State and, therefore, this court has jurisdiction to probate the will. . In addition, the proponent states that the decedent named New York residents as executor and alternate executor and the estate is left mainly to residents of this State.
There is no question that this court is authorized to probate the decedent’s will since she died leaving personal property in this State and property has come into the State since her death. However, the issue is whether or not the court in its discretion will accept jurisdiction (Surrogate’s Ct. Act, § 45; Matter of Lamborn, 168 Misc. 504, affd. 255 App. Div. 755, rearg. den. 255 App. Div. 837, affd. 280 N. Y. 504; 2 Warren’s Heaton, Surrogates’ Courts [6th ed.], § 169, par. 1, subd. [d]; 3 Butler, N. Y. Surrogate Law & Practice, § 2662, and 1941-50 Supp.).
Here the testatrix named New York residents as the executor and trustee and the alternate thereto; the principal beneficiaries are residents of this State, trusts are provided for under the will with all major parties related thereto residing in New York ; no proceeding is pending in another forum; the decedent had lived in New York for many years; and there is no obvious attempt to escape another jurisdiction that would deny probate as in the Lamborn case (supra). Considering all of the circumstances, the court feels in its discretion that it would be in the best interests in administering this estate that the will be probated in this State.
Accordingly the court dismisses the objection based on jurisdiction. The objectant shall have 15 days from the date of service of an order based on this decision to file any other possible objections to the probate of the propounded instrument.